IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MCGUFFEY, | : | |
|     Plaintiff | : | |
| | : | |
|     v. | : | 05-cv-2840 |
| | : | |
| BRINK'S INC., | : | |
|     Defendant. | : | |

| | | |
|---|---|---|
| JAMES MCGUFFEY, | : | |
|     Plaintiff | : | |
| | : | |
|     v. | : | 07-cv-2299 |
| | : | |
| BRINK'S INC., | : | |
|     Defendant. | : | |

**EXPLANATION AND ORDER**[1]

*I. Introduction*

On October 20, 2003, Brink's Inc. ("Brink's") discharged James McGuffey ("McGuffey") after 22 years of employment. As a result of his discharge, McGuffey brought two suits against Brink's, one in 2005 and one in 2007. In the 2005 case, McGuffey alleged that Brink's discriminated against him by discharging him because of his age. In the 2007 case, McGuffey alleged that Brink's discriminated and retaliated against him by failing to re-hire him also in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*

---

[1] The Order was entered on May 14, 2008. A copy of the Order is attached.

The 2005 and 2007 cases were consolidated for the purposes of discovery and trial, and trial is scheduled to begin on May 30, 2008.

Currently before me is Brink's motion for summary judgment on all counts of the 2007 case.[2] Brink's argues that summary judgment should be granted because: (1) McGuffey has not stated a prima facie case for discriminatory failure to re-hire; (2) McGuffey has not stated a prima facie case for retaliatory failure to re-hire; and (3) McGuffey's claims are time-barred. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1367.

## II.  Factual Background [3]

McGuffey was born on November 21, 1950. He worked for Brink's for 22 years in various positions, eventually becoming the Northeast Regional Vice President ("Northeast RVP").[4] On October 20, 2003, Brink's discharged McGuffey and closed down the Northeast Region. When McGuffey was discharged, he was told that he was being laid off because Brink's was consolidating regions. As a result, he believed that he was eligible for re-hire. At the time of his discharge, McGuffey asked Gary Taylor ("Taylor"), the Senior Vice President of Operations, if there were any other jobs available and stated that he was willing to be demoted instead of discharged. Taylor told McGuffey that there were no positions available.

---

[2] The motion for summary judgment in the 2007 case does not impact the 2005 case.

[3] For purposes of summary judgment, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). Here, the facts are stated in the light most favorable to McGuffey, and all reasonable inferences are drawn in his favor.

[4] At the time of his discharge, McGuffey's title was the Northeast Regional Director. The Regional Vice President and Regional Director titles are interchangeable.

2

Despite the explanation that the regions were being consolidated, McGuffey believed that he was discharged from Brink's as a result of age discrimination. On January 12, 2004, McGuffey filed a grievance with the Equal Employment Opportunity Commission ("EEOC"). McGuffey then received a right to sue letter and filed suit (the "2005 case").

During discovery for the 2005 case, McGuffey received an internal Brink's document indicating that at the time of his discharge he was eligible for re-hire. Later in discovery for the 2005 case, McGuffey expressed interest in being re-hired by Brink's in his deposition. Despite the evidence that McGuffey was eligible for and interested in being re-hired, at the August 2006 depositions of various Brink's executives, McGuffey learned that he would never be considered for re-hire because the executives believed that he was fired because of his poor performance. At the depositions, McGuffey also heard that the Northeast Region had been reconstituted and that someone else had been hired to be the Northeast RVP.

In May 2006, Brink's re-opened the Northeast Region and Brink's hired Darrell Quinn ("Quinn") to fill the Northeast RVP position. Quinn was born on September 19, 1961. Greg Hanno ("Hanno"), the Brink's U.S. Senior Vice President for Human Resources and Administration, was influential in the hiring of the Northeast RVP. Brink's never publicly posted the Northeast RVP position and Hanno recommended Quinn for the Northeast RVP position. Hanno never intended for McGuffey to fill the position. As the Vice President for Human Resources and Administration, Hanno knew about McGuffey's January 2004 EEOC grievance.

On November 15, 2006, after learning that the Northeast Region had been reconstituted and that Quinn – who was eleven years younger – was hired as the new Northeast RVP,

McGuffey filed his second grievance with the EEOC, alleging that Brink's failed to re-hire him because of age discrimination and in retaliation for his first EEOC grievance.

Thereafter, McGuffey continued to pursue employment at Brink's. In September 2007, McGuffey sent Brink's an application for the Southeast RVP position. Instead of hiring McGuffey, Shellie Crandall ("Crandall"), Brink's Senior Vice President of Operations, promoted Brink's employee Richard Alstedt ("Alstedt") to the position of Southeast RVP. Alstedt is eight months younger than McGuffey. On October 24, 2007, Brink's sent McGuffey a letter informing him that he did not receive the Southeast RVP position. Unlike Hanno, Crandall was not aware of McGuffey's EEOC filings.

On December 12, 2007, McGuffey filed his third grievance with the EEOC. In that grievance, McGuffey alleged that Brink's failed to re-hire him as the Southeast RVP because of age discrimination and in retaliation for his previous EEOC grievances. On June 6, 2007, McGuffey filed his complaint in the 2007 case.

## III. *Summary Judgment Legal Standard*

Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Facts are material if they might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of fact exists when the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. Id. at 248-52. "[C]redibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. . . ." Id.

at 255.

## IV. Discussion

Brink's argues that summary judgment is appropriate because: (1) McGuffey has not stated a prima facie case for discriminatory failure to re-hire; (2) McGuffey has not stated a prima facie case for retaliatory failure to re-hire; and (3) McGuffey's claims are time-barred.

### (1)  McGuffey's Prima Facie Showing of Discriminatory Failure to Re-Hire

McGuffey alleges that Brink's violated the ADEA, 29 U.S.C. § 621, *et seq.*, and the PHRA, 43 P.S. § 951, *et seq.*, by failing to re-hire him due to his age.

The ADEA makes it unlawful for an employer:

> [T]o fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

29 U.S.C. § 623(a)(1).  Similarly, the PHRA provides that it is unlawful for:

> [A]ny employer because of . . . age . . . to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual . . . or to otherwise discriminate against such individual . . . with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual . . . is the best able and most competent to perform the services required.

43 P.S. § 955(a).  The parties agree that the ADEA and the PHRA claims can be analyzed together because the ADEA and the PHRA have identical legal standards.  Fogleman v. Mercy Hosp., Inc., 283 F.3d 561, 567 (3d Cir. 2002).

In the absence of direct evidence, discriminatory failure to re-hire claims are analyzed under the McDonnell Douglas burden-shifting scheme.  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973).  To establish a prima facie case for age discrimination under the

McDonnell Douglas test, a plaintiff must demonstrate that: (1) he is over forty years of age; (2) he was qualified for the position in question; (3) he suffered an adverse employment decision; and (4) he was replaced by a sufficiently younger person to permit an inference of age discrimination.  Showalter v. Univ. of Pittsburgh Med. Ctr., 190 F.3d 231, 234 (3d Cir. 1999).

After establishing a prima facie case, the burden shifts to the defendant employer to articulate a legitimate, non-discriminatory reason for firing the plaintiff.  Fuentes v. Perski, 32 F.3d 759, 763 (3d Cir. 1994).  This is a "relatively light" burden for the defendants, and if met, the burden shifts back to the plaintiff who must demonstrate that the defendants' explanation is merely pretextual.  Id.

Because McGuffey alleged two factually-distinct instances of Brink's failure to re-hire him due to age discrimination, I consider them separately.

*A.  Prima Facie Case for the Northeast RVP Position*

Brink's argues that McGuffey has not established the third prong of a prima facie case of failure to re-hire for the Northeast RVP position because McGuffey never applied for the position and therefore, he could not have suffered an adverse employment action.[5]

In EEOC v. Metal Serv. Co., the Third Circuit explained that, "[T]he failure to formally apply for a job opening will not bar a [] plaintiff from establishing a prima facie claim of discriminatory hiring, as long as the plaintiff made every reasonable attempt to convey his interest in the job to the employer."  EEOC v. Metal Serv. Co., 892 F.2d 341, 348-49 (3d Cir.

---

[5] The parties do not dispute that McGuffey has met the other prongs of the prima facie case for the Northeast RVP position: (1) McGuffey was over forty; (2) McGuffey was qualified; and (4) Quinn, the replacement, was eleven years younger than McGuffey.  Therefore, I only discuss prong (3) for the Northeast RVP position.

1990). In the absence of a formal job application, a plaintiff must show that he "did everything reasonably possible" to make his interest in the position known to the defendant, or that he "would have applied but for" the defendant's discriminatory practice, or that he "reasonably believed that a formal application would be futile." Newark Branch, NAACP v. Town of Harrison, 907 F.2d 1408, 1414 (3d Cir. 1990); International Bhd. of Teamsters v. United States, 431 U.S. 324, 366-66 (1977) ("When a person's desire for a job is not translated into a formal application solely because of his unwillingness to engage in a futile gesture he is as much a victim of discrimination as is he who goes through the motions of submitting an application"). When a job opening is not posted, courts generally find that a job-seeker's expression of interest is sufficient for application. See, e.g., Box v. A & P Tea Co., 772 F.2d 1372, 1376-77 (7th Cir. 1985) (finding that when employer had no system to ensure that all interested applicants could apply, no formal applications were sought, and job openings were not posted, "the plaintiff can establish the application element of the prima facie case by showing that, had she known of . . . [the] opening, she would have applied"); Paxton v. Union Nat'l Bank, 688 F.2d 552, 568 (8th Cir. 1982) (finding that because vacancy was not posted and plaintiff did not hear about it from another source until it was already filled, expression of general desire to advance was sufficient for application).

  Brink's argues that McGuffey did not suffer an adverse employment decision because he never applied for the Northeast RVP position. Brink's argues that McGuffey did not make his interest in being re-hired as the Northeast RVP adequately known because McGuffey did not make every reasonable attempt to convey his interest in re-employment. Specifically, Brink's points to the fact that after his discharge, McGuffey did not write to Brink's to express his

interest in being re-hired.

McGuffey argues that he conveyed his interest in being re-hired to Brink's multiple times: immediately after his termination and during his deposition for the 2005 case. McGuffey explains that he did not formally apply for the Northeast RVP position because he believed that applying would be futile. In fact, McGuffey sent Brink's a formal application when he thought that there was an RVP position open (the Southeast RVP position).

Despite Brink's repeated assertions, there is no requirement that McGuffey had to make his interest in being re-hired known in writing. Instead, the question is if McGuffey expressed his interest and if he did not apply because he reasonably believed that a formal application would be futile. Genuine issues of material fact exist as to McGuffey's expression of interest in the Northeast RVP position and as to McGuffey's belief that a formal application would have been futile. Therefore, there are genuine issues of material fact as to whether McGuffey has suffered an adverse employment action, the third prong of a prima facie discriminatory failure to re-hire claim. Accordingly, summary judgment is denied.[6]

B. *Prima Facie Case for the Southeast RVP Position*

Brink's argues that McGuffey has not established the fourth prong of the prima facie failure to re-hire claim because the new Southeast RVP is not sufficiently younger than

---

[6] I do not go beyond the examination of the prima facie case in the McDonnell Douglas burden shifting scheme because Brink's constrained its arguments to McGuffey's prima facie case. Therefore, I do not analyze whether Brink's has stated a legitimate non-discriminatory reason for terminating McGuffey or whether McGuffey has shown that the reason is mere pretext.

McGuffey so as to create an inference of age discrimination.[7]

"In the age-discrimination context, [an inference that an employment decision was based on an illegal discriminatory criterion] cannot be drawn from the replacement of one worker with another worker insignificantly younger." O'Connor v. Consolidated Caterers, 517 U.S. 308, 313 (1996). While there is no particular age difference that must be shown, the Third Circuit has found that, "while different courts have held . . . that a five year difference can be sufficient, . . . a one year difference cannot." Showalter, 190 F.3d at 236 (internal citations omitted).

Brink's hired Richard Alstedt, who is only eight months younger than McGuffey, to be the Southeast RVP. The Third Circuit clearly states that the age difference must be sufficient to create an inference of age discrimination and that a one year difference is insufficient. See Gray v. York Newspapers, Inc., 957 F.2d 1070, 1087-88 (3d Cir. 1992) (reversed on other grounds) (finding that "[the plaintiff] has not stated a prima facie case . . . since he was replaced by someone only one year younger"). Consistent with the Third Circuit's holdings, I find that an age difference of eight months is insufficient to create an inference of age discrimination. It is undisputed that Alstedt filled the Southeast RVP position and that he was less than one-year younger than McGuffey. Therefore, I grant Brink's motion for summary judgment and McGuffey's claim of discriminatory failure to re-hire for the Southeast RVP position is dismissed.

**(2)  McGuffey's Retaliatory Failure to Re-Hire Claim**

McGuffey claims that Brink's failed to re-hire him in retaliation for filing his EEOC

---

[7] In order to maintain a discriminatory failure to re-hire claim, a plaintiff must establish all four prongs of the prima facie case. Because I find that McGuffey has not satisfied the fourth prong, I do not discuss whether McGuffey has satisfied the other three prongs.

grievances.  Both the ADEA and the PHRA have anti-retaliation provisions.  According to the ADEA:

> It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment . . . because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

29 U.S.C. § 623(d).  Additionally, the PHRA declares it unlawful,

> For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act.

43 P.S. § 955(d).  To establish a prima facie case of retaliation under the ADEA and the PHRA, a plaintiff must prove that: (1) he engaged in a protected activity; (2) subsequent to that protected activity he was subject to an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment consequence.  Fogleman, 283 F.3d at 567-68; Weston v. Commonwealth of Pa., 251 F.3d 420 (3d Cir. 2001).

It is not disputed that McGuffey filed three EEOC grievances – one about the original termination, one about the failure to re-hire for the Northeast RVP position, and one about the failure to re-hire for the Southeast RVP position.  It is also not disputed that McGuffey's EEOC filings are constitutionally protected activity sufficient to satisfy the first prong of the retaliation prima facie case.  The parties dispute, however, whether there were adverse employment consequences and whether there was a causal connection between the protected activity and the allegedly adverse employment consequences.

Courts look to temporal proximity as a measure of proof of a causal connection; however, the Third Circuit has held that a plaintiff can also substantiate a causal connection for a prima facie case through other types of circumstantial evidence. Farrell v. Planters Lifesavers Co., 206 F.3d 271, 280-81 (3d Cir. 2000) ("[W]e have been willing to explore the record in search of evidence [of a causal link], and our case law has set forth no limits on what we have been willing to consider. . . . It is not limited to timing and demonstrative proof, such as actual antagonistic conduct or animus.  Rather, it can be other evidence gleaned from the record as a whole from which causation can be inferred.").

Brink's argues that McGuffey has not been subject to an adverse employment action and that any adverse action McGuffey may have been subject to cannot be causally linked to any protected activity.[8]  Because McGuffey has alleged two factually-distinct instances of Brink's failure to re-hire him due to retaliation, I consider them separately.

*A.  Retaliatory Failure to Re-Hire as Northeast RVP*

Brink's argues that McGuffey was never considered for re-hire as the Northeast RVP, and thus, there was no adverse employment action because he was never rejected.  Brink's argues that it only learned that McGuffey was interested in returning as an RVP when he filed his EEOC grievance in November 2006 – after Quinn was already hired to fill the Northeast RVP position.

McGuffey argues that Brink's knew that he was interested in the Northeast RVP position before Quinn was hired and that it did not hire him in retaliation for his January 2004 EEOC

---

[8] Brink's also argues that McGuffey's retaliation claims are barred by the statute of limitations for the same reasons that McGuffey's discrimination-based failure to re-hire claims are barred.  Therefore, I consider the retaliation statute of limitations claims together with the discrimination statute of limitations claims in the next section.

grievance. McGuffey argues that Brink's knew he wanted to be re-hired because he expressed interest in other positions at Brink's when he was discharged in October 2003 and because he said that he wanted to work for Brink's again in his deposition for the 2005 case. Thus, McGuffey contends that he suffered an adverse employment action when Brink's failed to re-hire him and hired Quinn instead.

McGuffey also argues that he has demonstrated a causal connection between his EEOC filings and the failure to re-hire him as the Northeast RVP because Quinn was hired as the Northeast RVP less than two months after McGuffey expressed interest. Furthermore, McGuffey points out that Hanno, who was instrumental in selecting Quinn for the Northeast RVP position, knew about McGuffey's January 2004 EEOC grievance.

After considering all of the evidence, I find that genuine issues of material fact remain as to whether McGuffey suffered an adverse employment action and whether there was a causal connection between McGuffey's previous EEOC filings and Brink's failure to re-hire McGuffey as the Northeast RVP. Therefore, I deny summary judgment on this point.

B.  *Retaliatory Failure to Re-Hire as Southeast RVP*

Brink's argues that McGuffey was not subject to an adverse employment action as to the Southeast RVP position because Brink's filled the Southeast RVP position from within. Brink's argues that even if McGuffey suffered an adverse employment action, McGuffey has not demonstrated a causal connection between the EEOC filings and Brink's failure to re-hire him. Brink's points out that McGuffey applied for the Southeast RVP position nearly three years after filing his first EEOC grievance. Also, Crandall, who did the Southeast RVP hiring, was not involved in McGuffey's discharge or his EEOC grievances.

In response, McGuffey only points out that he applied for the Southeast RVP position and that he was rejected after having already filed grievances against Brink's with the EEOC twice before (on January 12, 2004 and November 15, 2006). This alone satisfies the first two prongs of the prima facie case – that there was protected activity and a subsequent adverse action – but this does not demonstrate a causal connection between the protected activity and the adverse action.[9] Unlike McGuffey's allegation of retaliation about the Northeast RVP position, McGuffey has made no showing that there was a causal connection between his EEOC filings and Brink's failure to re-hire him.

Therefore, I grant Brink's motion for summary judgment and McGuffey's claim of retaliatory failure to re-hire for the Southeast RVP position is dismissed.

**(3) Timeliness of McGuffey's Failure to Re-Hire as Northeast RVP Claim** [10]

The parties agree that McGuffey had 300 days from the date of any alleged discriminatory employment practice to file a grievance with the EEOC.[11] The parties disagree over whether the alleged discriminatory behavior in failing to re-hire McGuffey for the Northeast RVP position

---

[9] Brink's argues that there was no adverse action because Brink's hired the Southeast RVP from within and McGuffey was not a Brink's employee. Because I find that McGuffey has not demonstrated a causal connection, I do not consider whether McGuffey suffered an adverse employment action.

[10] Because I have already granted summary judgment for the discriminatory and retaliatory failure to re-hire claims as to the Southeast RVP position, I do not decide if the EEOC grievance about the Southeast RVP position was timely.

[11] In a state with an entity authorized to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice; in all other states, the charge must be filed within 180 days. 29 U.S.C. § 626(d)(2). In Pennsylvania, the EEOC grievance must be filed within 300 days of the allegedly illegal act. Seredinski v. Clifton Precision Prods. Co., 776 F.2d 56, 63 (3d Cir. 1985).

occurred more than 300 days before McGuffey filed his grievances with the EEOC.

The parties disagree over whether the alleged discriminatory behavior was Brink's decision not to re-hire McGuffey ever or Brink's decision not to re-hire McGuffey for each particular position. Brink's argues that if the discriminatory behavior was Brink's decision to never to re-hire McGuffey, then the discrimination occurred more than 300 days before McGuffey filed an EEOC complaint for being rejected from the Northeast RVP position.

The question of when the discriminatory act occurred is central to the determination of timeliness. Both sides concede that the "discovery rule" is the appropriate way to determine when the discriminatory act occurred for the purposes of filing an EEOC grievance. The discovery rule delays the initial running of the statutory limitations period, but only until the plaintiff has discovered or, by exercising reasonable diligence, should have discovered: "(1) that he or she has been injured, and (2) that this injury has been caused by another party's conduct." Oshiver v. Levin, Fishbein, Seran & Berman, 38 F.3d 1380, 1386 (3d Cir. 1994). In Oshiver, the Third Circuit explained that, "the 'polestar' of the discovery rule is not the plaintiff's actual knowledge of injury, but rather whether the knowledge was known, or through the exercise of reasonable diligence knowable to the plaintiff." Id.

Brink's argues that McGuffey knew or should have known that he had a claim for discriminatory and retaliatory failure to re-hire when he was discharged on October 20, 2003. However, at that time, even the Brink's internal documents indicated that McGuffey was eligible for re-hire. Therefore, McGuffey argues that the earliest he could have known that he would not

be re-hired was the August 2006 depositions.[12] McGuffey contends that his EEOC grievance about the Northeast RVP position was timely because he filed it in November 2006, well within 300 days from the August 2006 depositions.

There is a genuine issue of material fact as to whether McGuffey could have known that he would not be reconsidered for re-hire more than 300 days before his November 2006 EEOC grievance by exercising reasonable diligence. Therefore, Brink's motion for summary judgment as to McGuffey's EEOC grievance about the Northeast RVP position is denied.


5/15/2008                                       s/Anita B. Brody
_____              _____
DATE                                            ANITA B. BRODY, J.



Copies **VIA ECF** on _____ to:        Copies **MAILED** on _____ to:

---

[12] McGuffey argues that he did not know that he would not be re-hired until much later than the August 2006 depositions. McGuffey contends that the deposition testimony was insufficient notice that he would never be re-hired and thus was not a discriminatory act.