IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MCGUFFEY, | : | |
|    Plaintiff. | : | |
| | : | CIVIL ACTION |
|       v. | : | |
| | : | NO. 05-2840 |
| BRINK'S, INC., | : | |
|    Defendant. | : | |
| | : | |
| | : | |
| JAMES MCGUFFEY, | : | |
|    Plaintiff. | : | |
| | : | CIVIL ACTION |
|       v. | : | |
| | : | NO. 07-2299 |
| BRINK'S, INC. | : | |
|    Defendant. | : | |

August __ , 2009                                                                            Anita B. Brody, J.

**MEMORANDUM**

    James McGuffey sued Brink's Inc. ("Brinks"), for employment discrimination and prevailed on several counts after a jury trial. He then filed a petition for attorney's fees that I granted. Now McGuffey has filed a supplemental motion for attorney's fees (Doc. #103). His attorney Carmen Matos seeks a fee award for her work replying to Brinks's response to the original fee petition and preparing the supplemental fee petition. Because I find her claimed hours of work reasonable, I will grant the motion.

    The facts of this case and the law related to fee awards are extensively reviewed in my prior opinion <u>McGuffey v. Brink's, Inc.</u>, 598 F.Supp.2d 659 (E.D.Pa. 2009). In brief, a

1

prevailing party is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §§ 216(b) and 626(b). A court calculates the proper amount by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

In my previous opinion, I determined that $400 per hour was a reasonable rate for Matos, given her experience and expertise. McGuffey, 598 F.Supp.2d at 670. Now, I must evaluate the hours of work for which she now seeks compensation. See Evans v. Port Auth. of N.Y. & N.J., 273 F.3d 346, 362 (3d Cir. 2001) ("[I]t is necessary that the Court go line, by line, by line through the billing records supporting the fee request."). Here, the court should "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." Pa. Envtl. Def. Found. v. Canon-McMillian Sch. Dist., 152 F.3d 228, 232 (3d Cir. 1998) (internal quotations omitted).

Matos seeks a fee award for 45.10 hours. She spent 41.6 hours defending the original fee petition and 3.5 hours preparing the supplemental fee petition and reply. Brinks does not specifically contest these hours but only objects in general to any supplemental award. Matos provided documentation (Pl.'s Ex. B) showing that she spent 8.5 hours doing research, 4.3 hours reviewing depositions and Brinks's response to the original fee petition, 27.2 hours drafting the reply, 0.1 hours communicating with opposing counsel, 0.4 hours communicating with the court, 1.1 hours communicating with McGuffey, and 3.5 hours preparing the supplemental fee petition and reply. I find these hours reasonable. Brinks's response to the original petition was lengthy and complex, requiring time and effort to address. Also, the dispute included numerous exhibits.

Because this work was completed after the original fee petition was filed, Matos needed to submit a supplemental fee petition. In response to McGuffey's succint motion for additional fees, Brinks filed another lengthy response, which required Matos's time and effort to defend. For these reasons, I conclude that her claimed hours are reasonable.

Brinks makes several arguments against awarding any supplemental fee.[1] First, Brinks contends that the supplemental fee petition is untimely under Rule 54(d)(2)(B), which provides that "a party must file a motion for attorney's fees no later than fourteen days after the judgment is entered unless otherwise provided by statute or order of the court." Fed. R. Civ. Pro. 54(d)(2)(B). Brinks maintains that the 14-day period began with the initial judgment on June 17, 2008, which established McGuffey as the prevailing party. For purposes of a petition for supplemental fees, however, the relevant event is the "entry of the judgment that required the prevailing party to incur the additional fees." Bernback v. Greco, Nos. 05-4642, 05-4643, 2007 WL 108293, at *2 (3d Cir. Jan. 16, 2007). Thus, the relevant judgment here was rendered on February 10, 2009, when I ruled on the original fee petition (Doc. #200 in 05-2840; Doc. #79 in 07-2299). McGuffey filed the supplemental fee petition only two days later, thus falling well within the 14-day period. Therefore, McGuffey did not violate Rule 54(d)(2)(B).

Second, Brinks maintains that the amended fee petition should be denied on the grounds that McGuffey failed to satisfy Rule 54(d)(2)(B)(iii), which provides that a claimant must "include a specific amount sought or provide a fair estimate." Because I previously determined a

---

[1] Brinks also argues that it has been unfairly blamed by McGuffey for incurring hours and costs spent in response to the defendant's "zealous defense." As I have determined the hours expended to be reasonable, blame is not an issue.

reasonable rate of $400 per hour for Matos and because McGuffey provided the number of hours reasonably expended, the amount of fees requested could be determined by a simple calculation. Therefore, the defendant cannot reasonably claim that it did not know the amount sought by the plaintiff.

Third, Brinks argues that by granting the plaintiff's supplemental fee petition, the court creates a situation where a prevailing party may indefinitely claim "fees on fees on fees...," thus opening the door for endless litigation of fee petitions. However, a fee award encompasses all aspects of civil litigation, including separate litigation over the availability and size of a fee award. Commissioner, Immigration & Naturalization Service v. Jean, 496 U.S. 154, 161 (1990). Furthermore, district courts are not only "obliged to award reasonable attorney's fees under the ADEA," but are also obliged to award fees for time spent litigating the statutory right to fees. Porzig v. Dresdner, Kleinwort, Benson, North America LLC, 497 F.3d 133, 141 (2d Cir. 2007). Failing to do so effectively decreases the attorney's overall rate for hours expended on a case. See Gagne v. Maher, 594 F.2d 336, 344 (2d Cir. 1979), aff'd, 448 U.S. 122 (1980) (stating that attorneys are to be compensated for time spent litigating attorney's fees). Amended fee petitions have consistently been granted where the court determines them reasonable in light of the course of litigation. See David v. City of Scranton, 633 F.2d 676 (3d Cir. 1980) (holding that the district court's refusal to award additional fees for time spent litigating an opposed fee application is inconsistent with established precedent). See Steward v. Sears Roebuck & Co., 02-8921, 2008 WL 1899995 (E.D. Pa. April 29, 2008) (holding that a fee award encompasses all aspects of a party's successful litigation, including the preparation and defense of a fee petition).

See Commissioner, 496 U.S. at 161 (holding that the time counsel spends preparing a fee petition is compensable if the hours are not excessive).

Finally, Brinks contends that any fees awarded should be reduced by 11% to reflect the limited success of the plaintiff's original fee petition. "A fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised" in the course of litigation. Hensley, 461 U.S. at 435. Furthermore, "where a plaintiff has achieved excellent results, his attorney should recover a fully compensatory fee." Id. In this case, the award of $389,000 in original attorney's fees was an excellent result, achieved through a competent and extensive effort by Matos. Although McGuffey did not recover 100% of the fees requested in the original fee petition, I see no reason to apply the same discount to his supplemental request merely because he did not succeed on every contention.

In conclusion, I found that the rate of $400 per hour is reasonable and that the hours reasonably incurred are 45.1 hours. Thus, the proper amount is $18,040. Furthermore, I rejected the defendant's arguments against awarding this supplemental fee. I also award $234.18 in costs.[2] Therefore, the motion will be granted.

s/Anita B. Brody

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:        Copies **MAILED** on _____ to:

---

[2] McGuffey submitted receipts for binding and shipping supplies, copies, and postage. (Pl.'s Ex. C). I find these costs reasonable.

5